Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
Laura Fleming, Bar No. 219287
lf@paynefears.com
Brian R. Shaw, Bar No. 311613
brs@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA E. RODRIGUEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:25-CV-04925 SPG (ASx)<br><br>[Removed from Los Angeles Superior Court, Case No. 25STCV11930]<br><br>**DEFENDANT ABM INDUSTRY GROUPS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declarations of Paige Tamada; Sean A. O'Brien; [Proposed]Order; Filed Concurrently Herewith Under Separate Cover]*<br><br>Date:          August 27, 2025<br>Time:          1:30 p.m.<br>Courtroom:  5C<br>Judge:        Hon. Sherilyn Peace Garnett |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 27, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Sherilyn Peace Garnett, Courtroom 5C, located in the United States Courthouse, Western Division, 350 West First Street, Los Angeles, California 90012, Defendant ABM INDUSTRY GROUPS, LLC (hereinafter referred to as "ABM" or "Defendant") will and hereby does move this Court to Compel Arbitration pursuant to the Federal Arbitration Act (9 U.S.C. §§ 2 & 4), and to Strike Class Allegations pursuant to Fed. R. Civ. P. Rule 12(f) on the grounds that:

Plaintiff has, from inception of her employment, been a union member who has worked under, and been subject to, a negotiated union Collective Bargaining Agreement ("CBA"), which contract expressly and explicitly, and in "clear and unmistakable" language, requires resolution of each of Plaintiff's alleged claims through an exclusive and mandatory grievance, mediation and binding arbitration protocol.

In addition, Plaintiff's class allegations and claims asserted against ABM should be stricken based on the existence of valid and enforceable class waiver provision in the CBA expressly barring Plaintiff from pursuing all such class claims.

Finally, ABM requests that the Court dismiss the action (as opposed to staying the action) insofar as the arbitration provisions in the CBA encompass all of Plaintiff's claims. As there is nothing left for the Court to determine, the Court therefore lacks subject matter jurisdiction.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the supporting Declaration of Paige Tamada; the Declaration of Sean A. O'Brien, and the separate Request for Judicial Notice filed

concurrently herewith and all matters which may be judicially noticed pursuant to Fed. R. Evid. 201, the Court's files and records in this action, and such other evidence and arguments as may be made or presented at or before the hearing on the Motion.

Pursuant to Local Rule 7-3, this Motion is made following meet and confer efforts by ABM to which Plaintiff's counsel did not respond.  (See Declaration of Sean A. O'Brien, ¶¶ 1-3; Exhibits "A" attached thereto, filed concurrently herewith under separate cover.)

DATED:  July 30, 2025.

PAYNE & FEARS LLP
Attorneys at Law

By:   /s/ Sean A. O'Brien
SEAN A. O'BRIEN

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.  SUMMARY OF MOTION ..................................................................... 1

II. PERTINENT PROCEDURAL HISTORY AND RELEVANT FACTUAL ALLEGATIONS AND CLAIMS ...................................................... 2

    A.  Procedural History ............................................................................... 2

III. THE RELEVANT PROVISIONS OF THE CBA THAT SUPPORT ABM'S MOTION ......................................................................................... 4

IV. LEGAL ARGUMENT ............................................................................... 7

    A.  Applicable Legal Standards ................................................................. 7

    B.  The CBA Contains an Enforceable Arbitration Agreement Covering All of Plaintiff's Claims. ......................................................... 8

        1.  The CBA Contains "Clear and Unmistakable" Language Requiring Arbitration of All Plaintiff's Claims......................... 10

        2.  The Class Waiver in the CBA Is Separately Enforceable, and the Class Allegations Should Be Stricken. ........................ 14

V.  ABM REQUESTS THAT THE COURT DISMISS THE ENTIRE ACTION. ..................................................................................................... 18

VI. CONCLUSION .......................................................................................... 19

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

i

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*14 Penn Plaza LLC v. Pyett*,
556 U.S. 247 (2009) ...................................................................................8, 9, 13

*Alaska Airlines Inc. v. Schurke*,
898 F.3d 904 (9th Cir. 2018) (en banc) ...................................................................9

*Alcala v. Republic Bag, Inc.*,
No. EDCV 18-272 JGB (SHKx), 2018 WL 1633588 (C.D. Cal. Apr. 3, 2018) ...................................................................................................................4

*Armenta v. Stater Bros. Mkts.*,
No. 5:20-CV-02364-MCS, 2021 WL 1102444 (C.D. Cal. Mar. 23, 2021) ...................................................................................................................4

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ................................................................................7, 14, 15

*Burmudez v. Dragados USA, Inc.*,
No. 1:21-CV-00853-AWI-BAM, 2021 WL 5417658 (E.D. Cal. Nov. 19, 2021) ....................................................................................................8

*Carr v. Pac. Mar. Ass'n*,
904 F.2d 1313 (9th Cir. 1990) ...............................................................................10

*Carter v. Rent-A-Ctr., Inc.*,
718 F. App'x 502 (9th Cir. 2017) ..........................................................................15

*Castillo v. Cava Mezze Grill, LLC*,
No. CV 18-7994-MWF, 2018 WL 7501263 (C.D. Cal. Dec. 21, 2018) .................................................................................................................14

*Circuit City Stores, Inc. v. Adams*,
279 F.3d 889 (9th Cir. 2002) .................................................................................7

*Connell v. ByteDance, Inc.*,
No. 24-CV-07859-NC, 2025 WL 1828472 (N.D. Cal. July 1, 2025) ...............15

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

*Corr. USA v. Dawe*,
    504 F. Supp. 2d 924 (E.D. Cal. 2007) ..................................................................... 8

*Correa v. A2 Railla Dev., Inc.*,
    No. 2:22-CV-07128-ODW, 2023 WL 6783987 (C.D. Cal. Apr. 7,
    2023) ........................................................................................................................ 4

*Curtis v. Irwin Industries, Inc.*,
    913 F.3d 1146 (9th Cir. 2019) ............................................................................... 9

*Densmore v. Mission Linen Supply*,
    164 F. Supp. 3d 1180 (E.D. Cal. 2016) ................................................................. 4

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S.
    517 (1994)................................................................................................................ 8

*Frieri v. Sysco Corp.*,
    No. 16-CV-1432 JLS (NLS), 2016 WL 7188282 (S.D. Cal., Dec.
    12, 2016) ................................................................................................................. 4

*Gray v. SEIU, United Serv. Workers West*,
    No. 20-CV-01980-JSW, 2020 WL 12228937 (N.D. Cal. Aug. 5,
    2020) ..................................................................................................................... 13

*Gutierrez v. Anning-Johnson Co.*,
    No. LACV 21-06117, JAK (RAOx) 2023 WL 3852675 (C.D. Cal.
    June 6, 2023).............................................................................. 12, 13, 18, 19

*Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d  1187 (C.D. Cal.
    2015) ..................................................................................................................... 4

*Iniestra v Earthscapes Landscape, Inc.,* No. 8:22-CV-01170-SPG-
    KES, 2022 WL 22914536  (C.D. Cal. Oct. 14, 2022)....................................... 18

*Johnson v. Sky Chefs, Inc.*,
    No. 11-CV-05619-LHK, 2012 WL 4483225 (N.D. Cal. Sept. 27,
    2012) ..................................................................................................................... 4

*Kilgore v. Keybank, Nat'l Ass'n*,
    718 F.3d 1052 (9th Cir. 2013) (en banc)............................................................. 7

*Laver v. Credit Suisse Secs. (USA), LLC*,
    976 F.3d 841 (9th Cir. 2020)................................................................. 15, 16, 17

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

iii

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

*Muhammed v. Battle-Tested Strategies, LLC*,
No. 2:21-CV-077225-VAO-JPRx, 2021 WL 6298348 (C.D. Cal. Dec. 2, 2021) ..........................................................................................15

*Munoz v. Atl. Express of L.A., Inc.*,
No. CV-12-6074-GHK, 2012 WL 5349408 (C.D. Cal. Oct. 30, 2012) .........................................................................................................10

*Olea v. Teichert Pipelines, Inc.*,
No. 2:21-CV-01675-RGK-PD, 2021 WL 1839683 (C.D. Cal. May 7, 2021) ...................................................................................................9, 10

*Porteous v. Flowers Foods, Inc.*,
766 F. Supp. 3d 1093 (D. Or. 2025) ...........................................................16, 17

*Ramirez De Portillo v. Metro Servs. Grp.*,
No. 24-CV-02118-LB, 2025 WL 1644279 (N.D. Cal. June 10, 2025) .........................................................................................................13

*Reno v. W. Cab Co.*,
No. 18-CV-00840-APG-NJK, 2020 WL 5606897 (D. Nev. Sep. 18, 2020) .........................................................................................................15

*Republic Steel Corp. v. Maddox*,
379 U.S. 650 (1965) .........................................................................................10

*Sanchez v. Securitas Sec. Servs. USA, Inc*,
No. 17-CV-08462-SVW-E, 2018 WL 5861258 (C.D. Cal. July 17, 2018) .........................................................................................................12

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) .............................................................................8

*Smith v. Spizzirri*,
601 U.S. 472 (2024) .........................................................................................18

*United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*,
484 U.S. 29 (1987) .............................................................................................9

*Villamar v. Clean Harbors Env't Servs. Inc.*,
No. 2:22-CV-03966-MEMF, 2022 WL 4465549 (C.D. Cal. Sept. 23, 2022) .................................................................................................14, 15

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

iv

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

*Wright v. Universal Mar. Serv. Corp.*,
  525 U.S. 79-81 (1988) ...................................................................................... 10

**State Cases**

*Correia v. NB Baker Elec., Inc*.
  32 Cal. App. 5th 602 (2019) ............................................................................ 15

*Cortez v. Doty Bros. Equip. Co.*,
  15 Cal. App. 5th 1 (2017), *as modified* (Sept. 6, 2017) ..................................... 9

*Franco v. Arakelian Enters., Inc*.,
  234 Cal. App. 4th 947 (2015), *as modified* (Mar. 11, 2015) ............................ 14

*Iskanian v. CLS Transp. L. A., LLC*,
  59 Cal. 4th 348 (2014) *abrogated on other grounds by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) .......................................... 14, 15

*Rymel v. Save Mart Supermarkets, Inc.*,
  30 Cal. App. 5th 853 (2018) .............................................................................. 8

*Service Emps. Int'l Union Local 1000 v. Dep't of Personnel Admin.*,
  142 Cal. App 4th 866 (2006) .............................................................................. 9

**Federal Statutes**

9 U.S.C. § 2 ......................................................................................................... 7

9 U.S.C. § 4 ......................................................................................................... 7

28 U.S.C. § 1331 ................................................................................................. 3

28 U.S.C. § 1332(d) ............................................................................................ 3

28 U.S.C. § 1441 ................................................................................................. 3

28 U.S.C. § 1446 ................................................................................................. 3

28 U.S.C. § 1453 ................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(f) ............................................................................................ 8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF MOTION

ABM moves the Court for an order compelling arbitration and striking all class allegations and claims.  All of Plaintiff's wage and hour causes of action are governed by the relevant Collective Bargaining Agreement ("CBA"), which provides the mandatory and exclusive procedures to adjudicate wage and hour claims, including binding arbitration.

At the heart of this Motion is the CBA.  It was negotiated at arm's length by sophisticated businesspeople and lawyers on both sides, and Plaintiff Maria E. Rodriguez ("Plaintiff") and her union co-workers were represented by one of the most powerful unions in America.  As a result, under the CBA they received countless benefits (higher wages, vacation and holiday pay, superior health and medical coverage, pension, *etc.*) and greater job protections (seniority, restrictions on discipline and discharge, limits on layoffs, *etc.*), normally not afforded non-union employees.  She cannot now "pick and choose" which favorable provisions in the CBA she wants applied to her, and what others she wishes to avoid.

The applicable CBA contains a detailed, 5-page procedure entitled "Wage and Hour Protocol" that creates a ***mandatory and exclusive*** set of procedures where union employees agreed to grieve, mediate and submit to ***binding arbitration*** the very California Labor Code and wage order claims Plaintiff now asserts in this action. The CBA, as part of the Wage and Hour Protocol, also contains a valid and enforceable class action waiver.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

The uncontroverted and dispositive facts supporting ABM's Motion are as follows:

- Plaintiff was, and she admits, she was a union member the entire time she worked for ABM and was subject to the CBA.

- The CBA comprehensively covers the aspects of Plaintiff's employment that she now seeks to litigate, including wages, overtime, work hours, meal and rest breaks, use of personal cell phones, *etc.*

- The CBA contains detailed provisions (*i.e.*, the "Wage and Hour Protocol") in clear and unmistakable language for mandatory, binding arbitration of individual Labor Code and Wage Order claims, which is Plaintiff's *sole and exclusive* remedy.

- The CBA explicitly lists every Labor Code/wage and hour violation now asserted by Plaintiff as being subject to mandatory, binding arbitration.

- Plaintiff never exhausted, nor even attempted to avail herself of, the mandatory ADR procedures in the CBA (*e.g.*, filing a union grievance, engaging in mediation, or pursuing final and binding arbitration) before filing this action. Instead, she filed the current action and has refused to abide by the CBA.

- The CBA contains a valid and separately enforceable class (and PAGA) waiver, which bars Plaintiff's class claims.

Based on these uncontroverted facts, ABM moves the Court for an order compelling arbitration and striking all class allegations and claims. In short, the Motion should be granted and Plaintiff's entire action, including both individual and class claims, dismissed, as there is nothing left for the Court to exercise subject matter jurisdiction over.

## II.    PERTINENT PROCEDURAL HISTORY AND RELEVANT FACTUAL ALLEGATIONS AND CLAIMS

### A.    Procedural History

On or about April 23, 2025, Plaintiff filed a wage and hour class action entitled, "*Maria E. Rodriguez adv. ABM Industry Groups, LLC*, and DOES 1-100, inclusive" in the Superior Court of the County of Los Angeles, Case No.

2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

25STCV11930 (the "State Court Action").  Thereafter, ABM filed its Answer in the State Court Action and then timely removed the case to this Court, based on both CAFA diversity jurisdiction under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), based on the existence of an applicable collective bargaining agreement. (See ECF Dkt. Nos. 1-7.)

In her Complaint, Plaintiff brings individual and class claims under the Labor Code for alleged:  (1) Failure to pay for all hours worked at minimum wage (Labor Code §§ 1194 & 1197); (2) Failure to pay overtime (Labor Code §§ 510 & 1194); (3) Failure to authorize or permit meal periods (Labor Code §§ 512 & 226.7); (4) Failure to authorize or permit rest periods (Labor Code § 226.7); (5) Failure to indemnify and reimburse business related expenditures (Labor Code § 2802); (6) Failure to pay all wages due upon termination (Labor Code §§ 201, 202 and 203); and (7) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). (See Exhibit "A" to ABM's previously filed Notice of Removal at ECF No. 1.)

After removing the action to this Court, on May 27, 2025, ABM filed a motion for judgment on the pleadings and/or to strike all class allegations, which Plaintiff opposed.  (See ECF Dkt. ## 12-17, 21.)  After considering the motion, the Court granted it in part, and denied it in part (without prejudice).  (See ECF Dkt. # 25.)  Specifically, the Court ruled that Plaintiff's overtime claims were preempted under Section 301 and barred, including any derivative wage and hour claims to the extent predicated on the barred overtime claim.  (See ECF Dkt. # 25, pp. 8-9, 13-14).  The Court then denied the remainder of motion, *without prejudice,* and suggested that the proper procedure for ABM to enforce the arbitration provision

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

and class waiver in the CBA was to file a separate motion to compel arbitration and to strike the class allegations and claims. (*Id*. at pp. 14-16.)

ABM reached out to Plaintiff's counsel through an email, dated July 23, 2025, to request a Rule 7-3 meet and confer conference pertaining to this Motion. At the time of filing this Motion, Plaintiff's counsel had not responded to this request, so ABM anticipates that Plaintiff intends to oppose the Motion but does not know the basis or grounds for any potential opposition. (O'Brien Decl. at ¶¶ 1-3; Exh. A.)

## III.   THE RELEVANT PROVISIONS OF THE CBA THAT SUPPORT ABM'S MOTION

It is undisputed that while employed by ABM, Plaintiff was a union member subject to the CBA. (See Declaration of Paige Tamada ("Tamada Decl."), ¶¶ 1-6; Exh. A attached thereto.)[1] In fact, Plaintiff has already admitted in a prior filed

---

[1] The Court is entitled to consider the contents and terms of the operative CBA even though Plaintiff has conveniently omitted any mention of it in her complaint. Courts routinely take judicial notice of the governing collective bargaining agreement. *Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012); *Correa v. A2 Railla Dev., Inc.*, No. 2:22-CV-07128-ODW (PDx), 2023 WL 6783987, at *2 (C.D. Cal. Apr. 7, 2023) (collecting cases therein); *Armenta v. Stater Bros. Mkt*s., No. 5:20-CV-02364-MCS (KKx), 2021 WL 1102444, at *1 (C.D. Cal. Mar. 23, 2021) (taking judicial notice of collective bargaining agreement for purpose of remand motion); *see also Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1193-94 (C.D. Cal. 2015); *Alcala v. Republic Bag, Inc.*, No. EDCV 18-272 JGB (SHKx), 2018 WL 1633588, at *1, n.2 (C.D. Cal. Apr. 3, 2018) (granting a request for judicial notice of a CBA in considering a motion to remand, which addressed § 301 preemption); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (granting a request for judicial notice of three CBAs brought in conjunction with a motion to dismiss); *Frieri v. Sysco Corp.,* No. 16-CV-1432 JLS (NLS), 2016 WL 7188282, at *2 (S.D. Cal., Dec. 12, 2016).

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

sworn declaration in this case that she is a union member subject to that CBA and, as noted by the Court, did not deny that fact in her prior filed Opposition papers to ABM's Motion for Judgment on the Pleadings.  (See ECF Dkt. ##s. 17-1, 25.)

Article XXIII and Appendix "G" of the CBA establish a specific, explicit and detailed collectively bargained grievance, mediation and arbitration "Wage and Hour Protocol" as "*the sole and exclusive method*" of resolving the precise California wage and hour and related PAGA claims now being asserted by Plaintiff.  (See Ex. A, pp. 69-71, 148-152, to Tamada Decl., CBA at pp. 65-67, 144-147.)

More specifically, Article XXIII.1. of the CBA states, in part, that:

> "Any violation or alleged violation of any matter covered by this collective bargaining agreement *must be exclusively processed* as a grievance in the manner required in this Article XXIII.*"*

*(Id., at p.65*; emphasis added.*)*

Appendix "G," Section "B," of the CBA, is entitled "**Wage and Hour Protocol**," then goes on for several pages to lay out a detailed and mandatory grievance, mediation and arbitration procedure that exclusively governs resolution of all wage and hour claims now being asserted by Plaintiff.  In pertinent part, Section B.1. defines "Covered Claims" as follows:

> "The Parties to this Agreement… agree to resolve *on an individual basis solely and exclusively through the binding mediation and arbitration process set forth in this Protocol* any and all claims alleging *any wage and hour laws and/or meal and rest period laws, including by not limited to claims alleging a failure to pay minimum wage, overtime pay or vacation pay, a failure to provide accurate wage statements, alleging a failure to pay premium wages and/or penalties for missed meal and/or rest breaks, alleging a failure to timely pay final wages, and/or alleging a violation of the Federal Fair Labor Standards Act, the California Labor Code, and Wage Orders issued by the California Industrial Welfare Commission, or any similar local law, ordinance or policy, including the alleged violation of the Business and Professions Code Section 17200 et seq. (the Unfair Competition Law) premised on the violation of a wage and hour provision (collectively the "Covered Claims)*."

(*Id*. at p. 144; emphasis added.)

Appendix G, Section B, of the Wage and Hour Protocol in the CBA also contains an enforceable class waiver provision that states:

"As to any Covered Claims, ***each Party mutually agrees to waive to the maximum extent permitted by law the right to jury trial and to bench trial, and the right to bring, maintain, or participate in any class, collective, representative or private attorney general action, including but not limited to any action under the California Labor Code Private Attorneys General Act, Cal. Lab. Code 2698 et seq. or any other similar laws, whether in arbitration or otherwise, to the full extent permitted by applicable law (Class Action Waiver)***."

(*Id*. at p. 144; emphasis added.)

Appendix G, Section B in the CBA also explicitly states:

"[T]he parties establish the following system of ***binding*** mediation and arbitration to be ***the sole and exclusive method of resolving all Covered Claims whenever they arise*.**" **A detailed *mandatory and exclusive* mediation and arbitration protocol is set forth in the CBA that must be adhered to by the employee, including *binding* arbitration conducted before the American Arbitration Association ("AAA").**

The Wage and Hour Protocol then states that it is governed by the Federal Arbitration Act: "***The Protocol is governed by and enforceable under the Federal Arbitration Act ("FAA"), the Protocol shall be interpreted under the FAA… .***"). (See Ex. A, p.151, to Tamada Decl., CBA, Appendix G. Section B.3.(iii), at p. 147; emphasis added.)  The Wage and Hour Protocol also contains a "severance" provision that provides, if a judicial determination finds any or part of the Class Action Waiver to be "unenforceable, void, or invalid for any reason . . . the unenforceable, void, or invalid portion(s) of the Class Action Waiver shall be severed from this Agreement . . . and all remaining portion(s) of the Class Action Waiver shall be enforced."  (See Ex. A, p. 148 to Tamada Decl., CBA, Appendix G. Section B.1, at p. 144, third paragraph.)  Finally, the CBA contains a separate enforceable waiver provision of class and representative PAGA claims pursuant to

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Labor Code Section 2699.8.  (See Ex. A, to Tamada Decl., pp. 148, 151 to Tamada Decl., CBA at pp. 144, 147.).

## IV.      LEGAL ARGUMENT

### A.      Applicable Legal Standards

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  When a valid arbitration agreement exists, a party "may petition any United States district court . . . for an order directing . . . arbitration [to] proceed in the manner provided for in [the arbitration] agreement."  9 U.S.C. § 4.

If a suit is proceeding in federal court, the party seeking arbitration may move the district court to compel the resisting party to submit to arbitration pursuant to their private agreement to arbitrate the dispute.  9 U.S.C. § 4.  The FAA reflects both a "liberal federal policy favoring arbitration agreements" and the "fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (quotations and citations omitted); *see also Kilgore v. Keybank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.14 (1985)) ("The FAA was intended to 'overcome an anachronistic judicial hostility to agreements to arbitrate, which American courts had borrowed from English common law.'"); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) ("The [FAA] not only placed arbitration agreements on equal footing with other contracts, but established a federal policy in favor of arbitration . . . and a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

7

federal common law of arbitrability which preempts state law disfavoring arbitration.").

Fed. R. Civ. P. 12(f) ("Rule 12(f)") empowers the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[2]  Rule 12(f)(1) specifically authorizes a court to strike a pleading or any portion thereof on its own motion *at any time*.  *See Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007).  Matters may be stricken to reduce trial complication and "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

### B.   The CBA Contains an Enforceable Arbitration Agreement Covering All of Plaintiff's Claims.

When negotiating a CBA, a union may assert and waive the rights of union members (*i.e.*, employees) without the individual consent of each member. <u>*Rymel v. Save Mart Supermarkets, Inc.*</u>, 30 Cal. App. 5th 853, 859 (2018).

The U.S. Supreme Court recognizes that as part of the collective bargaining process a union may agree on its members' behalf to require arbitration of employment-related disputes.  *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256-57 (2009); *Burmudez v. Dragados USA, Inc.*, No. 1:21-CV-00853-AWI-BAM, 2021 WL 5417658, at *5 (E.D. Cal. Nov. 19, 2021).  This includes arbitration of statutory wage and hour claims like those asserted by Plaintiff here.  *See 14 Penn Plaza*, 556 U.S. at 255-56.  An agreement to arbitrate statutory claims is not a waiver of the

---

[2] Matter is "immaterial" if it has no essential or important relationship to the claim for relief or the defenses pleaded.  *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994).

8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

statute's substantive rights, but rather a waiver of the right "to seek relief from a court in the first instance." *14 Penn Plaza LLC,* 556 U.S. at 265–66; *see also Olea v. Teichert Pipelines, Inc.*, No. 2:21-CV-01675-RGK-PD, 2021 WL 1839683, at *4-5 (C.D. Cal. May 7, 2021); *see also Cortez v. Doty Bros. Equip. Co.*, 15 Cal. App. 5th 1, 12 (2017), *as modified* (Sept. 6, 2017) ("a union representative in negotiating a CBA in good faith may waive the employee's right to pursue in a judicial forum an action for a statutorily protected right (*see Penn Plaza, supra*, 556 U.S. at p. 256 [the decision to fashion a CBA to require arbitration of statutory claims is 'no different from the many other decisions made by parties in designing grievance machinery']). . . ."

A CBA's grievance and arbitration process are "an integral part of the workplace self-governance scheme." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 918 (9th Cir. 2018) (en banc).  That process allows disputes to proceed before decisionmakers familiar with "the common law of the shop" and can provide for "a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Curtis v. Irwin Industries, Inc.,* 913 F.3d 1146, 1152 (9th Cir. 2019) (citations omitted).

Consequently, prior to filing a judicial action, an employee seeking to vindicate personal rights must first attempt to avail him or herself of any mandatory or exclusive grievance and arbitration procedures set forth in the CBA.  *See United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute"); *Service Emps. Int'l Union Local 1000 v. Dep't of Personnel Admin.*, 142 Cal. App 4th 866, 870 (2006) (where CBA

9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

provides for a collectively bargained grievance procedure, a plaintiff may not bring a civil suit until he or she has exhausted those procedures).

A contrary rule would deprive the employer and the union of the ability to establish a uniform and exclusive method for an orderly settlement of employee grievances.  "If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement.  A rule creating such a situation 'would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.'"  *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653 (1965); *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990).

### 1.    The CBA Contains "Clear and Unmistakable" Language Requiring Arbitration of All Plaintiff's Claims.

For a CBA grievance and arbitration provision to be enforceable, the 'union-negotiated waiver of employees' statutory right to a judicial forum' must be 'clear and unmistakable.'"  *Wright v. Universal Mar. Serv. Corp*., 525 U.S. 79-81 (1988); *Olea, supra*, 2021 WL 1839683, at *4-5; *Munoz v. Atl. Express of L.A., Inc.*, No. CV-12-6074-GHK (FMOx), 2012 WL 5349408, at *4 (C.D. Cal. Oct. 30, 2012) (quoting *Wright)*).

Here there is no ambiguity at all.  The CBA does not contain a general blanket waiver of all federal and state law claims, nor a broad, non-specific waiver of wage and hour claims.  The CBA is explicit.  It contains, in "clear and unmistakable language," ***a detailed, negotiated five-page "Wage and Hour Protocol*****,"** which ultimately requires *final and binding arbitration* as the *sole and exclusive* method for resolution of the exact California Labor Code/wage and hour claims (defined as "Covered Claims"), which Plaintiff now asserts. There is no

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

10

doubt that the CBA's Wage and Hour Protocol was intended to waive union members' rights to pursue these types of statutory wage and hour claims from being adjudicated in a judicial forum.

It bears worth repeating this clear, explicit and unmistakable language in the CBA:

> "The Parties to this Agreement … agree to resolve ***on an individual basis solely and exclusively through the binding mediation and arbitration process set forth in this Protocol*** any and all claims alleging ***any wage and hour laws and/or meal and rest period laws, including by not limited to claims alleging a failure to pay penalties for missed meal and/or rest breaks, alleging a failure to timely pay final wages,*** and/or alleging a violation of the Federal Fair Labor Standards Act, ***the California Labor Code, and Wage Orders issued by the California Industrial Welfare Commission***, or any similar local law, ordinance or policy, ***including the alleged violation of the Business and Professions Code Section 17200 et seq. (the Unfair Competition Law) premised on the violation of a wage and hour provision (collectively the "Covered Claims)***."

(See Ex. A, p.148, to Tamada Decl., CBA, Appendix G, section B.1. at p. 144; second paragraph; emphasis added.)

***

> "To this end, the Parties establish the following system of binding mediation and arbitration to be the ***sole and exclusive method of resolving all Covered Claims, whenever they arise***. The Union and the Employer want those covered by this Agreement – and any attorneys representing employees – to be aware of this protocol, ***which makes mediation and arbitration the sole and exclusive method of resolving all Covered Claims applicable to bargaining-unit employees***, even where the Union has declined to bring such Covered Claims to arbitration."

(*Id*; emphasis added.)

***

> "With respect to those circumstances in which the Union has declined to pursue arbitration on behalf of the individual bargaining-unit employe's or group/class of bargaining-unit employees' Covered Claims under this Appendix G.B . . . and the employee or employees who are desirous of litigating the claim, ***the following arbitration***

11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

*process* **shall be followed exclusively … and shall constitute the exclusive method of resolving such disputes**." (See Ex. A, p.146, to Tamada Decl., CBA, Appendix G, Section B.3(b) at p. 146; emphasis added.)

On point is *Sanchez v. Securitas Sec. Servs. USA, Inc*, No. 17-CV-08462-SVW-E, 2018 WL 5861258, at *1–4 (C.D. Cal. July 17, 2018) ("*Sanchez*"). In *Sanchez*, this Court addressed whether a CBA "clearly and unmistakably" waived the plaintiff-employees' statutory right to bring wage and hour claims to court. Defendant, a security personnel service, employed the plaintiffs as security officers who worked at different contracted locations. *Id*. The plaintiffs brought "claims over the payment of wages for all time worked, rest and meal period[s] and overtime claims[,]" and the defendant argued the CBAs explicitly required the parties to arbitrate the claims. *Id*. The parties' CBAs specified, **"'wage and hour' claims . . . shall mean statutory claims over the payment of wages for all time worked, . . . rest and meal breaks, [and] overtime pay." The CBAs also provided that "[t]he parties agree that any employee's or employees' dispute relating to a violation of wage and hour law shall be resolved through the arbitration process."** 2018 WL 5861258, at *3-4 (emphasis added). The *Sanchez* court held the CBAs clearly and unmistakably "convey[ed] that the intent of the parties" was to arbitrate the plaintiffs' wage and hour claims. 2018 WL 5861258, at *9-10.

Next is this Court's decision in *Gutierrez v. Anning-Johnson Co*., No. LACV 21-06117 JAK (RAOx), 2023 WL 3852675, 817-18 (C.D. Cal. June 6, 2023). There, the plaintiff filed a class action against his employer in state court, alleging a host of California wage and hour claims. After removal to this Court, the defendant employer brought a motion to dismiss and compel arbitration under the governing CBA. The CBA in *Gutierrez* contained a detailed mandatory grievance and arbitration procedure with class waiver similar to the Wage and Hour Protocol.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

12

2023 WL 3852675, at *3.  Judge Kronstadt found that the arbitration and class waiver provisions were enforceable under the "clear and unmistakable" language of the CBA, and that "Defendant has established that the applicable collective bargaining agreement has a mandatory arbitration clause that precludes Plaintiff from bringing the present claims in a judicial forum."  *Id*. at *14-17.

Other courts in this Circuit considering other CBAs – with less explicit language than the Wage and Hour Protocol here – have enforced arbitration.  For example, in *Gray v. SEIU, United Serv. Workers West*, No. 20-CV-01980-JSW, 2020 WL 12228937, at *4-5 (N.D. Cal. Aug. 5, 2020) (which involved the same union here), the CBA stated that "the parties must arbitrate all wage and hour claims, including FLSA claims."  *Id*. at *4.  Relying on the Supreme Court decision *14 Penn Plaza*, the court determined that the CBA's waiver of claims alleging failure to pay California overtime or alleging a violation of the FLSA was "clear and unmistakable."  *Id*. at *5; *see also Ramirez De Portillo v. Metro Servs. Grp.*, No. 24-CV-02118-LB, 2025 WL 1644279, at *9 (N.D. Cal. June 10, 2025) ("Here, the 2024 CBA does not provide a blanket waiver of all federal or state causes of action and is limited to the California Labor Code. By specifying 'any and all violations of the sections of the California Labor Code that are redressable pursuant to [PAGA],' the parties clearly and unmistakably showed their intent to require the plaintiff to arbitrate her Labor Code claims.").

Accordingly, the arbitration provisions in the CBA are enforceable and constitute a waiver of Plaintiff's statutory right to litigate all of her asserted claims in a judicial forum.  Thus, the Court should order Plaintiff to arbitration.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

13

## 2.    The Class Waiver in the CBA Is Separately Enforceable, and the Class Allegations Should Be Stricken.

In addition to compelling arbitration of Plaintiff's individual wage and hour claims under the CBA, ABM seeks to separately enforce the class waiver provisions in the CBA and strike all class claims from the Complaint.  Both the FAA and California state law mandate enforcement of the class waiver.

Here the CBA contains, several provisions, in "clear and unmistakable" language, a separate valid and enforceable class (and PAGA) waiver.

> "As to any Covered Claims, each Party mutually *agrees to waive to the maximum extent permitted by law* the right to jury trial and to bench trial, and the right to bring, maintain, or participate in *any class,* collective, representative or private attorney general *action*, including but not limited to any action under the California Labor Code Private Attorneys General Act, Cal. Lab. Code § 2698 et seq., or any other similar laws, whether in arbitration or otherwise, to the full extent permitted by applicable law (*Class Action Waiver*)."

(See Ex. A to Tamada Decl., pp. 148, 151, CBA, Appendix G, Section B.1. at 144, 147 (emphasis added).

The class waiver in the CBA is enforceable.  *See Iskanian v. CLS Transp. L. A., LLC*, 59 Cal. 4th 348, 360 (2014) *abrogated on other grounds by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022); *see also Franco v. Arakelian Enters., Inc.*, 234 Cal. App. 4th 947, 956 (2015), *as modified* (Mar. 11, 2015) ("Class action waivers-even waivers that are obtained as a condition of employment and that limit employees' ability to vindicate statutory employee protections-are not categorically invalid or unenforceable."); *see also Villamar v. Clean Harbors Env't Servs. Inc.*, No. 2:22-CV-03966-MEMF (JEMx), 2022 WL 4465549, at *3 (C.D. Cal. Sept. 23, 2022); *Castillo v. Cava Mezze Grill, LLC,* No. CV 18-7994-MWF (MAAx), 2018 WL 7501263, at *4 (C.D. Cal. Dec. 21, 2018).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

14

It is black letter law that explicit class action waivers in CBAs and other employment arbitration agreements are to be enforced according to their terms.  The Supreme Court has held that class waivers in arbitration agreements are enforceable, as the FAA preempts California law on this point.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) (holding that the FAA preempts California's rule regarding the unconscionability of class action waivers); *Iskanian, supra*, 59 Cal. 4th at 366 (concluding "in light of *Concepcion* that the FAA preempts" older California case invalidating class action waivers in certain employment contracts); *Connell v. ByteDance, Inc*., No. 24-CV-07859-NC, 2025 WL 1828472, at \*18-19 (N.D. Cal. July 1, 2025) (collecting cases therein); *Correia v. NB Baker Elec., Inc*. 32 Cal. App. 5th 602, 615 (2019) ("the refusal to enforce the employment arbitration agreement class action waivers interfere[s] with the fundamental attributes of arbitration"); *Villamar v. Clean Harbors Env't Servs. Inc*., No. 2:22-CV-03966-MEMF (JEMx), 2022 WL 4465549, at \*3 (C.D. Cal. Sept. 23, 2022); *Reno v. W. Cab Co.*, No. 18-CV-00840-APG-NJK, 2020 WL 5606897, at \*4 (D. Nev. Sep. 18, 2020) ("Consequently, under the FAA, class or collective action waivers in arbitration agreements are enforceable even if state law would find those provisions unconscionable or against state public policy.").

The Ninth Circuit has explained that, "[w]e have interpreted *Concepcion* as foreclosing any argument that a class action waiver, by itself, is unconscionable under state law or that an arbitration agreement is unconscionable solely because it contains a class action waiver"); *Carter v. Rent-A-Ctr., Inc.*, 718 F. App'x 502, 504 (9th Cir. 2017); *Muhammed v. Battle-Tested Strategies, LLC*, No. 2:21-CV-077225-VAO-JPRx, 2021 WL 6298348, at \*4 (C.D. Cal. Dec. 2, 2021).

The reasoning is that class waivers stand on separate legal grounds, whether or not contained in an arbitration agreement.  Indeed, the Ninth Circuit has held that

15

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

"although class action waivers are often found in arbitration agreements . . . the two contractual terms are *conceptually distinct*." *Laver v. Credit Suisse Secs. (USA), LLC*, 976 F.3d 841, 846 (9th Cir. 2020) (alterations normalized) (internal quotation marks and citation omitted). An arbitration agreement is "a promise to have a dispute heard in some forum *other than a court*," while a class action waiver is "a promise to forgo [sic] a procedural right to pursue class claims." *Id.*; *Porteous v. Flowers Foods, Inc.*, 766 F. Supp. 3d 1093, 1107 (D. Or. 2025). Thus, a class waiver contained in an arbitration agreement governed by the FAA is separately enforceable, even if other portions of the arbitration agreement are deemed unconscionable. *Id*. at 1107; *see also Prostek, supra*, 662 F.Supp.3d at 1122 ("Apart from arguing that the Arbitration Agreement as a whole is unconscionable, Prostek does not contend that the class action waiver is unenforceable. Therefore, the Court will give effect to the Agreement's class action waiver and dismiss all of Prostek's class claims.").

The decision in *Porteous* is factually and legally on point. There, the plaintiff, who claimed he was an employee, brought a class action suit for various alleged violations of state and federal labor laws. The defendant employer moved to compel arbitration and strike all class allegations in the complaint. Similar to the CBA here, the arbitration agreement in *Porteous* stated in bold and capitalized letters:

"To the maximum extent permitted by law, both parties explicitly waive any right to: (1) initiate or maintain any covered claim on a class, collective, representative, or multi-party basis either in court or in arbitration; (2) serve or participate as a representative of any such class, collective, or representative action; (3) serve or participate as a member of any such class, collective, or representative action; or (4) recover any relief from any such

16

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

class, collective, representative, or multi-plaintiff action."

766 F. Supp. 3d at 1100. Additionally, the arbitration provision in *Porteous*, like the CBA here, had a severance provision, defined "covered claims," and provided that "covered claims "shall be submitted and determined exclusively by binding arbitration under the Federal Arbitration Act." *Id*. at 1106-1107.

The plaintiff argued that if the motion to compel arbitration were denied, there would be no basis on which to strike the class action allegations in the complaint. *Id*. Relying, in part, on this Court's decision in *Laver,* the *Porteous* court rejected the plaintiff's argument, finding that the severance provision in the arbitration agreement allowed the court to separately enforce the class waiver:

> "***Consistent with those cases, the Court concludes that the class and collective action waiver is distinct from the agreement to arbitrate, and, by operation of the severability clause, it survives the Court's determination that the agreement to arbitrate is unenforceable.*** Because it explicitly waives Plaintiff's procedural right to bring a class or collective action in both arbitration and in court, it will prevent Plaintiff from maintaining class or collective action claims in the present action. ***The Court will therefore grant Flowers's motion to strike the collective and class action allegations***."

(Emphasis added). 766 F. Supp. 3d at 1107.

The CBA here requires that all "Covered Claims" be submitted and arbitrated on an individual basis and expressly waives Plaintiff's rights to initiate or participate in any class action. It also expressly states it is to be governed by the FAA and contains a "severability clause." (See CBA, at pp 144, 147.) Thus, the class waiver provision is enforceable despite any finding that the CBA's provisions arbitration

17

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

provisions are otherwise unconscionable or unenforceable.[3]

## V.      ABM REQUESTS THAT THE COURT DISMISS THE ENTIRE ACTION.

ABM respectfully requests complete dismissal of Plaintiff's action, as opposed to a stay.

Under Section 3 of the FAA, a court, "upon being satisfied that the issue involved . . . is referable to arbitration …, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 476-477 (2024) (FAA compels a court to stay a proceeding if dispute is subject to arbitration and a party has requested a stay).

Despite this language, this Court has entered dismissal of an entire action when it is determined that ***all*** of the plaintiff's claims are covered by the parties' agreement to arbitrate. Again, instructive and on point is the decision in *Gutierrez v. Anning-Johnson Co*., *supra*. In that case, after the Court determined that the applicable CBA required all of the plaintiff's individual wage and hour claims to be

---

[3] Although not yet asserted in this action or other judicial forum, any subsequently filed PAGA claim by Plaintiff must likewise be dismissed. In 2021 the California Legislature amended the PAGA statute to permit enforceable PAGA waivers in CBAs covering "janitorial employees" like Plaintiff with "clear and unambiguous terms." *See* Cal Labor Code § 2699.8. ABM and Plaintiff's union agreed to include an express PAGA waiver provision in the current operative CBA that went into effect on May 1, 2024. (See Ex. A to Tamada Decl., p. 151, CBA, Appendix G, Section B, at p. 147.); *see Iniestra v Earthscapes Landscape, Inc.,* No. 8:22-CV-01170-SPG-KES, 2022 WL 22914536, at *3-5 (C.D. Cal. Oct. 14, 2022) (dismissing PAGA complaint with prejudice for failure to exhaust ADR procedures in CBA).

18

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

arbitrated and the class waiver enforced, it made the decision to dismiss the entire action based on the defendant's argument that where an enforceable arbitration agreement mandates the arbitration of all of plaintiff's claims, the court lacks subject matter jurisdiction over those claims, and therefore, must dismiss the case. 2023 WL 3852675, at *17-18.  The dismissal entered by the Court was without prejudice to either party filing an action to confirm or set aside any later arbitration award.  *Id*. at *18.

The same result as in *Gutierrez* should be followed here.  No class allegations or claims remain, and all of Plaintiff's individual wage and hour claims are subject to mandatory and binding arbitration under the CBA.

## VI.    <u>CONCLUSION</u>

Based on the foregoing, ABM respectfully requests that the Court grant its Motion to Compel Arbitration based on the Wage and Hour Protocol in the CBA; enforce the class waiver and strike all class allegations and claims; and dismiss (as opposed to staying) the entire action.

DATED:  July 30, 2025                    PAYNE & FEARS LLP
                                         Attorneys at Law


                                         By:  _____/s/ Sean A. O'Brien_____
                                                 SEAN A. O'BRIEN

                                         Attorneys for Defendant
                                         ABM INDUSTRY GROUPS. LLC

4900-6127-4455.4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100